UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORIGA
AUGUSTA DIVISION

**MAKAYLA HAMMONDS,**

    **Plaintiff,**

vs.                                    **CASE NO.:**

**CAROLINA COVERTECH,
INC., and FRANKCRUM 11,
INC.,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff MAKAYLA HAMMONDS ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against the Defendants, CAROLINA COVERTECH, INC. ("CAROLINA COVERTECH"), and FRANKCRUM 11, INC.("FRANKCRUM") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff against her previous employers for violations to Section 7(r) of the Fair Labor Standards Act – Break Time for Nursing Mothers Provision (29 U.S.C. 207), as amended by the Patient Protection and Affordable Care Act. Plaintiff seeks damages, reasonable attorney's fees, and other relief allowable by law.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §207, *et. seq*.

3. Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

4. The venue of this Court over this controversy is proper as it is being brough in the state and county where Plaintiff resides and/or where at least one (1) named Corporate Defendant is doing or transacting business.

## PARTIES

5. At all times material to the allegations herein, Plaintiff resided in Augusta, Richmond County, Georgia.

6. Plaintiff worked as an Industrial Seamstress for the Defendants.

7. At all times material to the allegations herein, Defendant, CAROLINA COVERTECH was a contract manufacturer operating a welding and industrial sewing business, including the location in North Augusta, South Carlina, to which Plaintiff was assigned.

8. At all times material to the allegations herein, Defendant, FRANKCRUM, was a professional employer organization, operating a professional placement agency in the states of Georgia and Florida.

## FLSA ENTERPRISE COVERAGE

9. At all times material to the allegations herein, Defendant CAROLINA COVERTECH was an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

10. At all times material to the allegations herein, Defendant FRANKCRUM was an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

11. At all times material to the allegations herein, Defendant, CAROLINA COVERTECH was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e., textiles, industrial machines, sewing equipment, computers, telephones, pens, paper, etc.).

12. At all times material to the allegations herein, Defendant, FRANKCRUM was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce by any person (i.e., computers, telephones, pens, paper, etc.).

13. Defendant, CAROLINA COVERTECH's employees, handled or otherwise worked with materials that have been moved in or produced for interstate commerce (i.e., textiles, industrial machines, sewing equipment, computers, telephones, pens, paper, etc.).

14. Defendant, FRANKCRUM's employees, handled or otherwise worked with materials that have been moved in or produced for interstate commerce (i.e., computers, telephones, pens, paper, etc.)

15. At all times material hereto, Plaintiff was an "employee" of Defendant CARLOINA COVERTECH within the meaning of FLSA.

16. At all times material hereto, Plaintiff was an "employee" of Defendant FRANKCRUM within the meaning of FLSA

17. At all times material hereto, Defendant, CAROLINA COVERTECH was and continues to be an "employer" within the meaning of the FLSA.

18. 16. At all times material hereto, Defendant, FRANKCRUM was and continues to be an "employer" within the meaning of the FLSA

19. Based upon information and belief, the annual gross revenue of Defendant, CAROLINA COVERTECH was in excess of $500,000.00 per annum during the relevant time period.

20. Based upon information and belief, the annual gross revenue of Defendant, FRANKCRUM was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

21. Plaintiff, through Defendant FRANKCRUM, was hired by Defendant, CAROLINA COVERTECH in or around May 2020, as an Industrial Seamstress.

22. Plaintiff was assigned to CAROLINA COVERTECH's North Augusta, South Carolina location.

23. CAROLINA COVERTECH and FRANKCRUM jointly employed the Plaintiff.

24. Plaintiff has been previously employed by FRANCRUM and went on maternity leave in or around March 2020.

25. Plaintiff had been hired through FRANKCRUM to other position(s) in the past and without incident.

26. Plaintiff had no disciplinary or performance issues in her prior job assigned by FRANKCRUM.

27. During her maternity leave, received several calls from FRANKCRUM inquiring regarding when she intended to return from maternity leave and begin her work with CAROLINA COVERTECH.

28. Plaintiff grew fearful that she would lose her employment if she did not return to work immediately.

29. Plaintiff decided to end her maternity leave early and return to her position only seven (7) weeks after giving birth to her child.

30. Both, FRANKCRUM and CAROLINA COVERTECH, were aware that at all times material to the allegations hereto, Plaintiff was a nursing mother.

31. When Plaintiff presented to CAROLINA COVERTECH for her first day of work, she underwent a brief interview.

32. At that time, Plaintiff was told that although she was hired for the position of Industrial Seamstress, CAROLINA COVERTECH was short-staffed in the area making pools that go under trucks and she would be assigned to that department for the day.

33. Plaintiff worked for several hours on her first day of employment at CARLOINA COVERTECH.

34. At the time of her lunch break, Plaintiff asked one of the supervisors if there was a private place with an electric outlet where she could express breast milk.

35. The supervisor told Plaintiff to ask the person who had interviewed her earlier that morning.

36. When Plaintiff asked the person who interviewed her, she was told to "find a job elsewhere."

37. CAROLINA COVERTECH terminated Plaintiff immediately after her request for accommodation to express breast milk in a private space, in violation of Section 7(r) of the Fair Labor Standards Act – Break Time for Nursing Mothers Provision.

38. Upon reporting the incident to FRANKCRUM, Plaintiff was told there was "nothing" FRANKCRUM could do.

39. Despite her excellent work history with the company, FRANKCRUM denied Plaintiff any further job assignments after her unlawful termination from CAROLINA COVERTECH.

40. Plaintiff was entitled to reasonable break times to express breast milk and an accommodation of a private space to do so Section 7(r) of the Fair Labor Standards Act – Break Time for Nursing Mothers Provision.

41. However, rather than provide Plaintiff with reasonable space to express breast milk, Defendants terminated Plaintiff and denied her further job assignments.

42. Defendants failed and/or refused to properly accommodate Plaintiff by providing a place to express breast milk that is shielded from view and free from intrusion.

43. Defendants terminated Plaintiff on the basis of her status as a nursing mother.

44. Defendants' failure and/or refusal to properly accommodate Plaintiff was willful.

45. Plaintiff suffered damages as a direct result of Defendant's violations of the FLSA .

## COUNT I
**Fair Labor Standards Act – Break Time for Nursing Mothers Provision (As to Defendants CAROLINA COVERTECH and FRANKCRUM)**

46. Plaintiff re-alleges and incorporates paragraphs 1-45, as if fully set forth herein.

47. Pursuant to Section 7(r) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207), an employer shall provide nursing mothers, a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk.

48. Pursuant to Section 7(r) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207), an employer shall provide nursing mothers a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

49. Plaintiff requested reasonable break time to express breast milk and accommodation of a private space to do so.

50. Defendants failed and/or refused to properly accommodate Plaintiff by providing a place to express breast milk that is shielded from view and free from

intrusion.

51. Defendants terminated Plaintiff on the basis of her status as a nursing mother.

52. Defendants' failure and/or refusal to properly accommodate Plaintiff was willful.

53. At all times material hereto, Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

54. At all times material hereto, Defendants failed to properly accommodate Plaintiff as mandated by the FLSA.

55. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Front pay and benefits;

    c.    Compensatory damages for emotional pain and suffering;

    d.    Pre and post-judgment interest;

    e.    Costs and attorney's fees; and

f.       Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 8th day of March, 2022.

                */s/ Anthony J. Hall*
                **ANTHONY J. HALL, ESQ.**
                GA Bar No.: 318028
                **THE LEACH FIRM**
                631 S. Orlando Ave., Ste. 300
                Winter Park, FL 32789
                Tel: 407-574-4999
                Fax: 321-594-7316
                Email: ahall@theleachfirm.com
                Email: npacheco@theleachfirm.com

                ***Counsel for Plaintiff***