## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

MAKAYLA HAMMONDS,

      Plaintiff,

      v.

CAROLINA COVERTECH, INC., and
FRANKCRUM 11, INC.,

      Defendants.

```
*
*
*
*
*
*
*
*
*
*
```

CV 122-028

---

## O R D E R

---

Before the Court is Defendant Carolina Covertech, Inc.'s ("Covertech") motion to dismiss, or for transfer, due to improper venue. (Doc. 9.) Plaintiff failed to respond to the motion. For the reasons set forth herein, Covertech's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this Fair Labor Standards Act, 29 U.S.C. § 201, *et al*. ("FLSA") suit on March 8, 2022. (Doc. 1.) She alleges Defendants wrongfully terminated her employment in violation of the FLSA, so she seeks damages including back pay, front pay, compensatory damages, interest, and costs and attorneys' fees. (Id. at 8-9.) In response to Plaintiff's suit, Covertech moves for dismissal – or, in the alternative, transfer – under Federal Rule of Civil Procedure 12(b)(3). (Doc. 9, at 1.)

Covertech asserts venue is improper in this Court because it "has no operations in the State of Georgia," "all of the actions giving rise to this case occurred in South Carolina" and both Defendants deny their residency in this District.  (Id. at 3-4.)  Plaintiff failed to respond to Covertech's motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss an action for improper venue.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

"When venue is challenged, it is the plaintiff's burden to prove that venue is proper in the forum state." Miller v. Asensio, 101 F. Supp. 2d 395, 403 (D.S.C. 2000) (internal quotation and citation omitted).  The requirements for venue are found in 28 U.S.C. § 1391(b), which provides

> A civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a defendant business entity "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c).

Covertech correctly argues § 1391(b)(1) does not apply in this case because not all Defendants are residents of the state in which this District is located. (Doc. 9, at 2-3.) Nowhere does Plaintiff allege Covertech is a Georgia corporation; rather, Plaintiff alleges Covertech "was a contract manufacturer operating a welding and industrial sewing business, including the location in North Augusta, South Carolina, to which Plaintiff was assigned." (Doc. 1, at 2.) Covertech essentially argues it has no connection to Georgia, instead transacting business only in South Carolina. (Doc. 9-1, at 1-2). Plaintiff did not respond to Covertech's motion, indicating a lack of opposition to the motion. See L.R. 7.5, SDGa. Since Plaintiff carries the burden of establishing that venue is proper, the Court finds Covertech is not a resident of the State of Georgia, rendering venue improper under § 1391(b)(1).

Covertech also correctly argues § 1391(b)(2) does not apply because Plaintiff fails to show that any "of the events or omissions giving rise to the claim occurred" in this District. (Doc. 9, at 4); 28 U.S.C. § 1391(b)(2). Plaintiff fails to show that any of the underlying events took place in Georgia, instead alleging they took place in North Augusta, South Carolina, which Covertech confirms. (Doc. 1, at 5; Doc. 9-1, at 1-2.) This precludes Plaintiff from establishing proper venue in this District under § 1391(b)(2).

Lastly, the uncontroverted evidence *does* show that venue is proper in the District of South Carolina because, as § 1391(b)(2) requires, the events giving rise to the claim occurred there. As such, § 1391(b)(3), which only applies "if there is no district in which an action may otherwise be brought as provided in this section," does not apply. Without any valid basis for venue in this District, the Court finds that Covertech's motion must be **GRANTED**.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Covertech's motion (Doc. 9) is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___17th___ day of June, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA